UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS EDWARD KOTEWA, ) | |
| ) | No. 1:12-CV-264 |
| *Plaintiff*, ) | Mattice/Lee |
| v. ) | |
| ) | |
| WARDEN BRUCE WESTBROOKS, ) | |
| Sued in his Official and Individual ) | |
| Capacities; TENNESSEE DEPART- ) | |
| MENT OF CORRECTIONS; CASE ) | |
| MANAGER TOLLETT, MIKE SMITH, ) | |
| AND RANDY FARLEY; SGT. BURT ) | |
| BOYD; CAPT. PHILLIPS; CHAD ) | |
| DAVIS; BEN WELCH; CLASSIFICA- ) | |
| TION COORDINATOR CHARLES ) | |
| BRYER; ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Plaintiff Thomas Edward Kotewa ("Plaintiff"), was an inmate at Southeastern Tennessee State Regional Correctional Facility ("STSRCF"), in Pikeville, Tennessee, when he originally filed this *pro se* action (Court File No. 1). Plaintiff has since been transferred to West Tennessee State Penitentiary ("WTSP") (Doc. 15-1, Warden Westbrooks' Affidavit).

This is a case involving a Plaintiff who allegedly has a "statewide 'hit' on him because he killed a known Gang member," and the logistical hardship created for prison administrators to keep him safe. Although Plaintiff was placed in protective custody and temporarily housed in segregation at STSRCF, he claims his Eighth Amendment rights were violated when, due to inadequate procedures in the protective custody unit, he was in danger of assault by other inmate gang members at STSRCF. Plaintiff also

claims his Eighth Amendment rights were violated when Defendant Classification Coordinator Charles Brymer ("Coordinator Brymer") subsequently reclassified Plaintiff to be transferred to Hardeman County Correctional Facility ("HCCF"), where he had previously been attacked by four unknown inmates on October 15, 2009, and suffered serious injuries requiring treatment at an outside hospital (Docs. 1 & 4). Neither an attack nor the transfer to HCCF materialized.

This matter is before the Court on three motions filed by Plaintiff (Docs. 5, 10, & 18) and Defendant Warden Bruce Westbrooks ("Warden Westbrooks") motion to dismiss (Doc.16). For the reasons set forth below, after reviewing the complaint and accepting all of its allegations as true and liberally construing them in the light most favorable to Plaintiff, the Court concludes Warden Westbrooks' motion to dismiss will be **GRANTED** (Doc. 16), Plaintiff's complaint will be **DISMISSED** in its entirety for failure to state a claim upon which relief may be granted (Court Doc. 4), and Plaintiff's motions will be **DENIED** (Doc. 5, 10, & 18).

I.  BACKGROUND

Read in the light most favorable to Plaintiff, the Complaint contains the following allegations. There is a statewide "hit" on Plaintiff because he killed a known gang member. Although housed under protective custody in the segregation unit at STSRCF, Plaintiff feared members of his victim's gang would carry out its threats on Plaintiff's life because STSRCF does not have a permanent protective custody unit. Although Plaintiff was housed in protective custody and escorted when he attended medical appointments, general population inmates, including members of his victim's gang, were freely moving about, and he feared they had the ability to "carry[ ] out the hit" on him

2

Case 1:12-cv-00264-HSM-SKL   Document 20   Filed 03/27/13   Page 2 of 18   PageID #: 123

(Doc. 4). When Plaintiff was released to go shower, general population inmates serving time in punitive segregation were permitted out of their cell unrestrained at the same time. In addition, when Plaintiff attended his one hour a day exercise, he was forced to go into a cage next to general population inmates who spit on him through the fence and verbally abused him (Docs. 1 & 4).

Plaintiff has been attacked on two previous occasions, one of which was at HCCF in 2009, by four unknown inmates, which resulted in serious injury to him. On August 1, 2012, Defendant Brymer, "by and through Case Manager Tollett" notified Plaintiff he was being reclassified to Hardeman County Correctional Facility ("HCCF") (Doc. 4). Plaintiff told Case Manager Tollett and Defendants Mike Smith ("Defendant Smith"), Randy Farley ("Defendant Farley"), Sgt. Burt Boyd ("Sgt. Boyd"), Capt. Phillips ("Capt. Phillips"), Chad Davis ("Defendant Davis"), and Ben Welch ('Defendant Welch") about the prior assault on him at HCCF but they "failed to act." (Doc. 4).

Plaintiff claims Defendants violated his Eighth Amendment rights when they failed to have policies and procedures that would prevent general population inmates from having access to him and when they reclassified him to be transferred to HCCP. Plaintiff requests declaratory and injunctive relief - i.e.) that Defendants establish procedures to protect inmates in protective custody at STSRCF, and filing fees and $5,000.00 in compensatory damages.

II. STANDARD OF REVIEW

    A.    Title 28 U.S.C. §§ 1915(e) and 1915A Screening

Under 28 U.S.C. §§ 1915(e) and 1915A, a court is required to screen civil complaints brought by prisoners proceeding *in forma pauperis* and to dismiss an action

at any time if the court determines that it is frivolous or fails to state a claim upon which relief can be granted. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. Indeed, "even in the case of *pro se* litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. County. of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruling on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).

B.  42 U.S.C. § 1983

In order to state a cognizable claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See, e.g.*, *West v. Atkins,* 487 U.S. 42, 48 (1988); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege that the defendant caused the plaintiff an injury and show that the injury resulted in actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying his

4

claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Thus, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### III. ANALYSIS

Plaintiff has identified numerous parties as Defendants, all of whom appear to have been sued only in their official capacity, with the exception of Warden Westbrook, who he specified was sued in both his official and individual capacities. For the sake of ease and organization, the Court will analyze the Complaint by addressing the official capacity claims before turning to Warden Westbrooks' motion to dismiss the claims against him in his individual capacity.

#### A. *Identity of Defendants*

Plaintiff has named Warden Westbrooks, Tennessee Department of Corrections ("TDOC"), Coordinator Brymer, Case Manager Tollett, Mike Smith ("Defendant Smith"), Randy Farley ("Defendant Farley"), Sgt. Burt Boyd ("Sgt. Boyd") Capt. Phillips ("Capt. Phillips"), Chad Davis ("Defendant Davis"), and Ben Welch ("Defendant Welch") as Defendants in this case. Plaintiff specified he is suing Warden Westbrooks in both his official and individual capacities but does not specifically indicate whether the other Defendants are being sued in their official capacity, individual capacity, or both. Plaintiff is suing the other defendants for reclassifying him to transfer to HCCF, a transfer that never occurred.

5

A suit brought against a government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. ), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F.Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. Here Plaintiff identifies most of the defendants by title or rank and specifies all are employees of the Tennessee Department of Corrections. Absent any indication they are being sued in their individual capacity, the Court, therefore, construes the complaint as suing them in their official capacities. Nevertheless, even if Plaintiff intended to sue these defendants in their individual capacities, he would not be entitled to relief because his transfer to HCCF never materialized, and thus, there was no constitutional violation.

6

The official capacity claim against Warden Westbrooks and the claims against the TDOC and the other Defendants are effectively against the State and are barred because the State is not a person under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1977) (§ 1983 actions do not lie against a State, so Eleventh Amendment immunity does not prevent the § 1983 case against a state, rather § 1983 creates no remedy against a State). The United States Supreme Court has excluded "States and arms of the State from the definition of person" under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. Of State Police*, 491 U.S. at 71; *Arizonans for Official English v. Arizona*, 520 U.S. at 69 fn. 24. Therefore, the law is well-settled that a state is not a "person" within the mean of § 1983.

Here, all the individual defendants are state employees and TDOC is a state agency. Therefore, the Court must proceed as if Plaintiff has, in fact, sued the State of Tennessee. Because the State of Tennessee is not a "person" subject to damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim against Warden Westbrook in his official capacity, TDOC, or the other individual Defendants. Accordingly, the official capacity claims against Warden Westbrook, the claims against the other individual defendants for reclassifying Plaintiff to transfer him to HCCF, and the claims against TDOC will be **DISMISSED** because the claims are effectively against the State of Tennessee and are barred on the ground that a state is not a person within the meaning of § 1983. *Lapides v. Board of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Michigan,* 491 U.S. at 71.

### C. Motion to Dismiss

The only remaining defendant in this lawsuit is Warden Westbrooks, sued in his individual capacity. In his motion to dismiss, the Warden primarily relies on Plaintiff's alleged failure to exhaust his administrative remedies and, alternatively, on his alleged failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as grounds for dismissal of his complaint.

#### 1. *Failure to Exhaust Administrative Remedies*

The Prisoner Litigation Reform Act ("PLRA") requires prisoners to exhaust available prison grievance procedures before filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." (emphasis added)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[F]ailure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. "Non-exhaustion is an affirmative defense under the PLRA, *with the burden of proof falling on the* [*defendant.*]" *Surles v. Andison,* 678 F.3d 452, 456 (6th Cir. 2012) (internal punctuation and citation omitted) (emphasis in original).

Defendant, who has the burden of proving this affirmative defense, relies simply on an allegation in his motion and supporting brief that Plaintiff failed to exhaust the grievance process by failing to appeal to the final level of the grievance review process (Docs. 16 & 17). The warden does not provide the Court with the policy and procedures

8

for filing a grievance at STSRCF or provide any documentation that a search was made of grievances filed by Plaintiff during the pertinent time period and the result of the search.

Plaintiff, on the other hand, attached a grievance to his complaint evidencing that he attempted to grieve his reclassification to HCCF but Chairperson Sgt. L. Riggs' responded, "[p]er policy 501.01 classification matters are inappropriate to the grievance procedure therefore this grievance is deemed inappropriate." (Doc. 4-1).

Here, Warden Westbrook has not satisfied his burden of proving Plaintiff failed to exhaust his available administrative remedies as to his complaints about protective custody at STSRCF or his complaint of being classified for transfer to HCCF. Specifically, the Warden has not demonstrated Plaintiff did not grieve the prison conditions in protective custody at STSRCF or alleged or demonstrated Plaintiff's complaint regarding his reclassification and transfer to another institution were non-grievable through TDOC's grievance process. *See e.g. Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir.2006) (non-grievability of classification-related complaint through the grievance process renders remedy unavailable under the PLRA and exhaustion is not required); *Rancher v. Franklin County*, 122 Fed. Appx. 240, 241 (rule to treat medical issues as non-grievable resulted in no available administrative procedures to exhaust) (Doc. 16). Aside from the fact Warden Westbrooks does not provide the Court with anything other than a factually unsupported claim that "plaintiff failed to exhaust the grievance process by failing to appeal to the final level of the grievance review process," the grievance Plaintiff filed pertaining to his reclassification and transfer specifies such matters are not grievable "per policy 501.01." (Doc. 4-1). Therefore, the reclassification

9

issue is not grievable and exhaustion is not required. As to the claim relating to the conditions of confinement in protective custody, Warden Westbrooks' claim that Plaintiff failed to exhaust his administrative remedies is insufficient to satisfy his burden "to plead and prove the prisoner failed to exhaust his available administrative remedies." *Jones v. Bock*, 549 U.S. at 211-12.

Because Warden Westbrooks has not demonstrated Plaintiff did not exhaust his remedies in relation to his claims regarding the conditions of protective custody at STSRCF and that administrative remedies were available to Plaintiff to grieve his reclassification and transfer, he has failed to satisfy his burden of demonstrating Plaintiff failed to exhaust available administrative remedies in compliance with the PLRA. Accordingly, Warden Westbrook's motion to dismiss for failure to properly exhaust administrative remedies will be **DENIED**.

2.  *Claims for Injunctive and Declaratory Relief are Moot*

In his initial pleading and subsequently filed complaint, Plaintiff requests an order declaring the defendants have acted in violation of the United States Constitution, ordering the defendants to implement policies and procedures to keep inmates in protective custody safe, and to order defendants not to retaliate against him (Docs. 1 & 4). Warden Westbrooks maintains Plaintiff's claims for declaratory and injunctive relief are moot and should be dismissed.

Plaintiff no longer resides at STSRCF, as he was transferred to West Tennessee State Penitentiary ("WTSP"), which has a permanent protective custody housing unit, on August 16, 2012 (Doc. 15-1, Warden Westbrooks' Affidavit). Because he is no longer incarcerated at STSRCF, Plaintiff's prayers for injunctive and declaratory relief are

10

moot. *Dellis v. Corrections Corp. of America,* 257 F.3d 508, 510, n. 1 (6th Cir. 2001) (prayers for injunctive and declaratory relief deemed moot because he was no longer incarcerated in that facility); *Kensu v. Haigh*, 87 f.3d 172, 175 (6th Cir. 1996) (same).

Accordingly, because Plaintiff is no longer confined at STSRCF, his claims for declaratory and injunctive relief will be **DIMISSED AS MOOT**.

   3.  <u>*Eighth Amendment Claim*</u>

Plaintiff's Eighth Amendment claim is unique in that the danger to which he allegedly was exposed at STSRCF−attacks by gang members−never materialized. Thus, the question before the Court is whether Plaintiff, who was not assaulted by, and who is no longer at risk from, fellow inmates at STSRCF, may nevertheless maintain a civil rights case based solely on prison officials' alleged past failures to take measures to protect him from inmates known to pose a danger to the prisoner.

In his complaint, Plaintiff alleges that due to inadequate procedures in the protective custody unit, he was in danger of assault by his victim's gang members at STSRCF. Warden Westbrooks argues Plaintiff has failed to state a claim upon which relief may be granted.

As the Court discerns Plaintiff's claim, he is suing the Warden in his individual capacity under the Eighth Amendment for failing to protect him from the possibility of injury. To prevail on a § 1983 claim, a plaintiff must allege he is incarcerated under conditions posing a substantial risk of serious harm and prison officials acted with deliberate indifference to that risk. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Aside from the fact that Plaintiff seemingly claims the Warden violated his rights by acting in a supervisory capacity as the manager of the day-to-day operations of

11

STSRCF, and a supervisor cannot incur personal liability under 42 U.S.C. § 1983 under a theory of *respondeat superior* absent proof of personal involvement, *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir. 2008),[1] Plaintiff has failed to meet the two-prong test to raise a proper Eighth Amendment claim.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). To prevail on an Eighth Amendment prison-condition claim based on failure to protect, an inmate must show he is incarcerated under conditions posing a substantial risk of serious harm. The Supreme Court has held "a prison official violates the Eighth Amendment only when two requirements are met. First the deprivation alleged must be objectively, sufficiently serious, a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities, and for a claim of failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. at 834 (internal punctuation and citations omitted). To violate the Eighth Amendment's prohibition against cruel and unusual punishment, however, a prison official must have a "sufficiently culpable state of mind" i.e., deliberate indifference to Plaintiff's safety in this case. *Id.* Thus, "a plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of the custodial staff." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).

---

[1] "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (internal punctuation and citation omitted). Plaintiff does not allege that Warden Westbrooks committed any actual acts, nor has he averred he acquiesced in the conduct of his employees.

Although Plaintiff was being escorted when he claims he was in the most danger and was in a separate "rec-cage" when exercising next to the general population, for purposes of this discussion the Court presumes Plaintiff has met the first prong of the Eighth Amendment test - i.e.) that he faced an objective risk of serious injury. The question is whether Warden Westbrooks was aware of the alleged risk. Plaintiff has provided no facts indicating Warden Westbrooks or any other STSRCF Defendant possessed the requisite culpable state of mind or the requisite knowledge of a risk of harm to Plaintiff. Plaintiff does not allege he notified the Warden or any prison official of his fear that, because prison officials were not taking the necessary precautions to protect him from inmates known to pose a danger to him, he feared those inmates could carry out the "hit" on him. Consequently, Plaintiff has failed to satisfy the second prong of the Eighth Amendment test i.e. the sufficiently culpable state of mind.

Plaintiff's allegations, taken as true, fail to establish Warden Westbrooks violated his constitutional rights. Because there is no evidence Warden Westbrooks was aware of and ignored the alleged risk, Plaintiff's allegations fail to raise an Eighth Amendment claim. Accordingly, Warden Westbrooks' motion to dismiss will be **GRANTED** and Plaintiff's Complaint will be **DISMISSED** in its entirety (Doc. 4).

IV. **MOTIONS**

After filing his initial pleading and complaint, Plaintiff filed three motions which the Court will now consider (Court Docs. 5, 10, & 18).

    A. **Motion for Court's Immediate Intervention**

In this motion, Plaintiff claims Defendants retaliated against him for filing the instant complaint by reclassifying him to WTSP (Court Doc. 3). Accordingly to Plaintiff,

this transfer "completely disregard[s] any danger [he] may face being moved back to West Tennessee where he was attacked at HCCF on October 15, 2009, by four unknown inmates (Doc 5). To establish a retaliation claim, Plaintiff must prove: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the adverse action and his protected conduct. *Muhammad v. Close,* 379 F.3d 413, 416 (6th Cir. 2004).

Plaintiff has the right to access the Courts, thus the first element is satisfied. Plaintiff, however, has failed to demonstrate an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in the protected conduct. Plaintiff alleges he did not feel safe at STSRCF because it lacked "a permanent protective custody unit" (Doc. 1), thus his reclassification to WTSP−a different facility than HCCF where he was assaulted approximately four years ago−is not an adverse action, as that institution has a permanent protective custody housing unit, something which Plaintiff seemingly desired for his protection. It is undisputed that Plaintiff's transfer to WTSP housed him in a facility which included the specific type of housing unit he was seeking when he filed this complaint i.e. a permanent protective custody housing unit.

Consequently, considering Plaintiff's specific circumstances, he has failed to demonstrate the action taken was adverse and that the action was one that would deter a person of ordinary firmness from continuing to proceed with his complaint. Based on the record, Plaintiff's transfer to WTSP was for his own protection and was not retaliatory. Because Plaintiff has failed to adequately plead facts sufficient to establish

14

the second element of his retaliation claim, the Court need not address the third element. Accordingly, because Plaintiff did not adequately plead a retaliation claim, i.e., that his transfer to WTSP was a result of his involvement in this lawsuit, his motion requesting the Court to intervene will be **DENIED** (Doc. 5).

### B. Motion for Preliminary Injunction and/or Restraining Order

This motion is confusingly plead and difficult to decipher. As the Court discerns, Plaintiff requests a preliminary injunction and/or restraining order to prevent Defendants from transferring him out of the WTSP protective custody unit without first responding to the Court's previous order (Docs. 10 & 11).[2]

To put Plaintiff's request in context, a brief review of the initial history of this case is necessary. Although Plaintiff entitled his first pleading as a motion for a preliminary injunction and/or restraining order, the Court discerned he was attempting to file both a civil rights action under 42 U.S.C. § 1983 and a motion requesting a preliminary injunction and restraining order and directed Plaintiff to file a proper complaint. Therefore, the Court directed the Clerk to send Plaintiff a complaint (Doc. 3). In addition, The Court directed the Clerk to complete a service packet for Warden Westbrooks, sign and seal the summons, and forward it along with a copy of Plaintiff's filings to the U.S. Marshal for service (Doc. 3). Finally, the Court ordered Warden Westbrook to respond to the request for injunctive relief/restraining order within ten days from the date of the August 9, 2012, Order (Doc. 3).

---

[2]  The Court notes that Plaintiff's motion (Doc. 10) and supporting statement (Doc. 11) were filed at the same time and the pages are numbered chronologically as one document with his signature on the last page. The Clerk, however, docketed it as two separate documents. Thus, although it appears Plaintiff failed to sign his motion in violation of Rule 11(a) of the Federal Rules of Civil Procedure, which requires that every pleading by an unrepresented party be signed personally, such is not the case.

15

Although service was executed on August 16, 2012, the Warden did not file a response. Pursuant to a Show Cause Order, Warden Westbrook responded by affidavit, explaining he received an envelope from this Court on August 17, 2012, which contained only the Court's memorandum and order but no summons, complaint, motion for preliminary injunction, or any other document (Doc. 15-1). The Warden sent the document to TDOC Legal Counsel but no action was taken until the Warden received the Show Cause Order.

Plaintiff's motion for a preliminary injunction and/or restraining order requested the Court to order the defendants to establish procedures at STSRCF for the "safe placement of protective custody inmates[,]" and a bald request to prevent the defendants from retaliating against him (Doc. 1). By the time the Court received the Warden's response, the motion requesting a restraining order/preliminary injunction was moot because Plaintiff had been transferred to WTSP on August 16, 2012. *See Dellis v. Corrections Corp. of America,* 257 F.3d at 510, n. 1 (prayers for injunctive and declaratory relief deemed moot because he was no longer incarcerated in that facility); *Kensu v. Haigh*, 87 F.3d at 175 (same).

In the instant pleadings, which are very confusing, Plaintiff requests the Court to restrain Defendants from transferring him from the WTSP protective custody unit without first requiring them to respond to the Court's previous order. Warden Westbrooks has responded to the Court's previous order. In addition, there is no evidence Defendants, all of whom are STSRCF employees, possess any authority to transfer Plaintiff from the WTSP protective custody unit. Accordingly, this motion will be **DENIED** (Doc. 10).

16

### C. Motion to Hold in Abeyance

Plaintiff requests the Court to hold this case in abeyance while he is temporarily housed at a county jail, where he is allotted only two pieces of paper a "work week" for legal material. In addition, Plaintiff explains he does not have his personal property, thus he is unable to provide the Court with documented evidence that he exhausted his administrative remedies (Doc. 18).[3] Plaintiff filed a response to Defendant's motion to dismiss (Doc. 19). In addition, the Court previously denied Defendant's motion to dismiss on the alleged failure of Plaintiff to exhaust his available administrative remedies. Accordingly, Plaintiff's motion to hold this case in abeyance will be **DENIED** (Doc. 18).

### VII. CONCLUSION

Plaintiff has failed to state a claim that would entitle him to relief under 42 U.S.C. § 1983. The only Defendant sued by Plaintiff in his individual capacity was Warden Westbrook. In addition, the Warden and the other defendants were sued in their official capacity. The official capacity claims will be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) & 1915A. Warden Westbrooks' motion to dismiss the claims against him in his individual capacity will be **GRANTED** (Doc. 16) and Plaintiff's complaint will be **DISMISSED** in its entirety for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

---

[3] Notably, Plaintiff filed this two page motion along with a one page letter and his four page response to Defendants motion to dismiss at the same time.

Fed.R.Civ.P. 12(b)(6); 28 U.S.C. §1915(e)(2)(B)(i)(ii) & 1915A (Doc. 4). In addition, Plaintiff's motions will be **DENIED** (Docs. 5, 10, &18).

An appropriate judgment will enter.

.

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE